JANVIER, Judge.
Plaintiff, Willie Cochran, an impecunious blind Negro who, for twelve years, has been living “only on welfare,” sues Irving Stafford, a “preacher”, for $257.50 claimed to have been loaned to Stafford during the late Fall of 1950. Stafford denies that he borrowed the money.
Defendant appeals from a judgment dismissing the suit “as of nonsuit,” praying that the suit be definitively dismissed. Plaintiff answers the appeal, praying for a decree in his favor for $232.50, conceding that he has been paid $25 on his original claim.
In addition to the testimony of the two parties, the record contains the testimony of plaintiff’s wife and of four other persons, all of whom corroborate the statement that he loaned the money to Stafford.
Were it not for this mass of corroborating testimony, we would be inclined to accept the contention of counsel for defendant that plaintiff’s claim is an absurd one; that it is unbelievable that an impecunious blind Negro, who has been “on welfare” for twelve years, could have been in position to loan any such amount of money, or, in fact, any money at all. Yet, taken as a whole, this evidence tends to show that either plaintiff or his wife, or both, had a modest account in a bank in Picayune, Mississippi, and that at least a portion of this money, which was in the account, had come from the sale of cows by plaintiff’s wife when he and his wife lived near Picayune.
While there are some minor contradictions in the statements of these witnesses, read as a whole, the evidence indicates that the story is not absolutely absurd and gives the impression that there may be some basis for the suit.
Yet plaintiff failed to offer certain evidence which might have been of great weight. Although he claimed that, on the two occasions on which he loaned money to defendant he went to Picayune, Mississippi, and drew the necessary amount out of the bank, he failed to produce evidence from the bank showing these withdrawals. Possibly that evidence might have been sufficient to justify a definitive judgment one way or the other. From the record before us as made up in the trial court, we can not say that it is obvious that plaintiff failed to prove his case, nor can we say that *619 the evidence justifies a dismissal of his claim. Under these circumstances we think that a judgment of nonsuit was proper.
Accordingly, the judgment appealed from is affirmed, defendant-appellant to pay all costs of appeal, plaintiff to pay all other costs.
Affirmed.